Defendant-appellant Basilio Delgado pleaded guilty to two counts of rape on December 4, 1985. Thereinafter; he was sentenced to two concurrent terms of imprisonment of ten (10) to twenty-five (25) years. Pursuant to the enactment of H.B. 180 defendant was returned for a sexual predator determination hearing.
On March 25, 1997 the trial court commenced the sexual predator hearing. The trial court stated on the record that in defendants present case he "has been convicted of — two or more times in separate criminal actions of sexually oriented offenses."
The trial court noted the victim was age eight. Defendant stipulated to his 1985 convictions. The trial court then continued the proceeding so plaintiff-appellee State of Ohio and defendant could submit briefs relating to constitutional issues and defendants registration status.
The trial court reconvened on August 7, 1997. Defense counsel maintained defendant was not a sexual predator stating he apologized for the crimes he committed. Defense counsel proceeded to construe the statutory factors listed in R.C. 2950.09(B)(2), arguing none of the factors were applicable except for the young age of the victim. The state countered by offering the victims statement which indicated defendant threatened the victim, who was also his stepdaughter, with sending her to a home and killing her mother if she told on defendant. The state concluded by arguing it did not have to prove every one of the statutory factors but rather it only had to present enough evidence so the trial court could make a finding that defendant was a sexual predator. At the conclusion of the hearing, the trial court found defendant to be a sexual predator.
Defendant filed his notice of appeal and now presents eleven assignments of error. Nearly all the assignments of error relating to the constitutionality of the sexual predator law have been raised in identical form in other appeals and decided adversely to defendant either by the Supreme Court of Ohio or this court. Hence, we summarily overrule the first, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh assignments of error. See State v. Cook (1998), 83 Ohio St.3d 404; State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
 THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
Essentially, defendant argues the trial court did not comply with the mandates of H.B. 180 when it failed to include witnesses, evidence, and the right to cross-examine. Moreover, defendant argues the trial court did not use the "clear and convincing evidence" standard and based his sexual predator determination on past conviction data which cannot be cross-examined.
R.C. 2950.09(B)(1) states defendants due process rights at the hearing and provides, in pertinent part:
 (1) * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B) does not state the trial court has to provide these procedural due process mechanisms to defendant, but only that defendant has the "opportunity" to use these mechanisms.
R.C. 2950.09(B)(3) states the judge has to determine "by clear and convincing evidence that defendant is a sexual predator." Regarding the trial court not using the "clear and convincing" evidence standard, Cook, supra, at 426, stated the trial court does not have to specifically state the exact wording on the record but presumes the trial judge has followed the law.
Lastly, there is no statutory requirement that the state has to present evidence. The evidence obtained from a defendants criminal history and that obtained from the present conviction has been held to be sufficient to determine a defendant to be a sexual predator. State v. Ferris (Sept. 8, 1998), Warren App. No. CA98-03-035, unreported.
In the present case, defendant and defense counsel were given every opportunity to present witnesses and evidence. In fact, a review of the transcript reveals defense counsel presented an argument on defendants behalf. Defense counsel maintained defendant was not a sexual predator based on his honesty and sincerity when speaking with the trial court. Defense counsel also argued none of the statutory factors apply to defendant, except for the factor concerning the victims age. Lastly, defense counsel claimed "the State has not and cannot prove beyond a reasonable doubt — excuse me, clear and convincing evidence that this man is a sexual predator." Defendant also spoke on his own behalf and apologized to the court and admitted what he did was wrong. He finished by stating this was his first case and it would never happen again.
It is clear from a review of the transcript of the sexual predator hearing that defendant had the opportunity to testify and present evidence and witnesses. Defendants contention that he was denied the right to due process is unsupported by the record. Accordingly, defendants second assignment of error is overruled.
In his third assignment of error defendant claims:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY "CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant argues when classifying an of fender as sexually oriented or habitual a trial court uses the clear and convincing evidence standard and certified conviction records are sufficient to satisfy this standard. However, when classifying an offender a sexual predator the evidentiary burden is qualitatively different. The clear and convincing evidence standard is still used but the state must also prove the offender is "likely to" commit an offense in the future. Thus, given this higher burden and the fact that the sanctions for being classified a sexual predator are severe, it is clear the General Assembly intended that more than old conviction data be presented by the state before an offender is classified a sexual predator. In the present case, defendant maintains the state did not present clear and convincing evidence regarding the likelihood of his future conduct and as a result he was improperly classified a sexual predator.
The state counter-argues an offender is a sexual predator if he has been convicted of at least one sexually oriented offense and is likely to commit another in the future. The state claims eight of the factors in R.C. 2950.09(B)(2) involve "old conviction data" so the use of prior convictions is proper. Plus, child molesters, like defendant, recidivate more often than other sex offenders. Thus, the trial court correctly classified defendant a sexual predator.
A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division(B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offenders sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division(B) of this section. * * *
The statute requires the court to find by clear and convincing evidence that an offender is "likely to" commit a sexually oriented offense in the future. Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future.
The factors the court must consider when making a sexual predator determination are set forth in R.C. 2950.09(B)(2):
(a) The offenders age;
 (b) The offenders prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). "The statute does not require the court to list the criteria, but only to "consider all relevant factors, including the criteria in R.C. 2950.09(B)(2) in making his or her findings." Cook, 83 Ohio St.3d at 426.
Applying the statutory criteria in R.C. 2950.09(B)(2) to the facts of the present case reveals three of the factors apply: (c), (i), and (j) Subsection (c) applies because the victim in the present case was eight years old. Subsection (i) applies as a result of defendant threatening the victim with a heinous act of violence, killing her mother, and a severe punishment, sending the victim to a home, if she revealed that defendant abused her. Subsection (j) applies because defendant was the victims stepfather, a position of trust and authority. Defendant abused his role of step-father when he molested the victim.
Based on the foregoing, we find the facts of this case show by clear and convincing evidence that defendants sexually oriented offense shows a likelihood that he will commit another sexually oriented offense in the future. Accordingly, defendants third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J.
MICHAEL J. CORRIGAN, J., CONCURS.
PRESIDING JUDGE, JOHN T. PATTON.